[L.A. No. 30425. In Bank. Nov. 26, 1975.]

In re AVERY SEYMOURE WAISBREN on Suspension.

**COUNSEL**

Bennet Olan for Petitioner.

Herbert M. Rosenthal and Ronald W. Stovitz for Respondent.

**OPINION**

**THE COURT**—This is a proceeding to review a recommendation of the Disciplinary Board of the State Bar of California that Avery Waisbren be suspended from the practice of law for four years, commencing September 29, 1972, which was the effective date of our order placing him on interim suspension.

Waisbren, a 46-year-old attorney admitted to practice in 1954, was found guilty by a jury in 1971 on one count of receiving stolen property (Pen. Code, § 496). Six other counts charging violations of the same section were dismissed (Pen. Code, §§ 995, 1118.1). He was placed on probation on conditions which included payment of a $5,000 fine plus $1,250 penalty assessment. The judgment was affirmed. (People v. Waisbren (Nov. 21, 1972) 2 Crim. No. 21420 [unpub. opn.].) He paid the fine and penalty assessment, and in 1973 the court deemed the offense a misdemeanor, terminated his probation (Pen. Code, § 1203.3), and dismissed the case (Pen. Code, § 1203.4).

On August 30, 1972, we placed Waisbren on interim suspension, effective September 29, 1972, since the crime involved moral turpitude (*In re Plotner* (1971) 5 Cal.3d 714, 715 [97 Cal.Rptr. 193, 488 P.2d 385]), and subsequently, after the judgment was final, we referred the matter to the State Bar on the issue of discipline. (See Bus. & Prof. Code, § 6102.)

Following an evidentiary hearing the local committee unanimously recommended that the interim suspension be terminated, and the State Bar examiner concurred in that recommendation. The board, by a vote of eight to three, recommended that Waisbren be suspended for four years commencing September 29, 1972, and that he be ordered to comply with rule 955, California Rules of Court.

Timely objections to the board's report and recommendation were not filed, and in December 1974 we imposed the discipline recommended by the board and ordered Waisbren to comply with rule 955. Thereafter, however, we granted a petition for rehearing, and Waisbren filed belated objections and a brief. (Cal. Rules of Court, rules 951(d); 45(e).) He also filed the affidavit required by rule 955 evidencing his compliance with that rule.

The board's findings may be summarized as follows, with supplementary facts added thereto in brackets: Since 1951 Waisbren has been in the business of the sale and repair of office-business machines and since 1969 has run his own business, All States Office Machines, Inc., of which he is a 50 percent owner. That business held a second-hand business permit, issued by the Los Angeles Police Commission, but before Waisbren's arrest never filed required "buy-book reports."

The count on which Waisbren was convicted involved his sale of five stolen typewriters to Akron Stores on approximately January 25, 1971.

The typewriters had been stolen from Pacific Drive-In Theaters around January 17, 1971. Waisbren listed the typewriters on an invoice of a defunct company. The Akron check [for $763.88] in payment of the machines was made payable to the defunct company and bore the payee's endorsement followed by Waisbren's personal and company endorsements.

Waisbren claimed that he handled the sale for an unidentified stranger and received a 10 percent commission, and that the unidentified stranger furnished the blank invoice of the defunct company and Waisbren completed it as an accommodation. [Waisbren further claimed he did not know the typewriters were stolen.]

Waisbren was cooperative with the police during the investigation. Following the investigation he faithfully completed the required "buy-book reports."

After his conviction the Los Angeles Police Commission revoked his license to deal in the sale of used office machines, and his business is now limited to other matters (e.g., sale of new machines). [Before his interim suspension he practiced law part time at a location separate from his office machines business.]

Waisbren does not challenge any of the above summarized findings. Furthermore, the record supports those findings with the possible exception of an immaterial detail.

■ Waisbren urges that we adopt the recommendation of the local committee rather than that of the board. In this proceeding the burden is on him to show that the board's recommendation is erroneous. (*In re Distefano* (1975) 13 Cal.3d 476, 480 [119 Cal.Rptr. 105, 531 P.2d 417].) We find that he has not sustained that burden.

He points to a finding by the local committee that there "was no direct testimony linking [him] to the theft of any machine." The absence of such testimony, however, does not show the board's recommendation is erroneous. The offense of which he was convicted (receiving stolen property) is a serious crime involving moral turpitude (*In re Plotner, supra,* 5 Cal.3d 714, at p. 726), and it appears that he committed that offense for the purpose of personal gain.

The record shows that no prior disciplinary proceeding has been brought against Waisbren, a matter in his favor. (*In re Kreamer* (1975) 14 Cal.3d 524, 532 [121 Cal.Rptr. 600, 535 P.2d 728]; *Mrakich* v. *State Bar* (1973) 8 Cal.3d 896, 907 [106 Cal.Rptr. 497, 506 P.2d 633].) Also, his offense was not committed in his capacity as an attorney and was not related to his practice of law. *(In re Kreamer, supra.)*

In addition, the local committee found that "In his appearance before the Committee [Waisbren] seemed forthright and candid in all of his testimony . . . ." (*Bradpiece* v. *State Bar* (1974) 10 Cal.3d 742, 748 [111 Cal.Rptr. 905, 518 P.2d 337].) The board, however, did not so find, and doubt is raised as to his forthrightness and candor by his repeated asserted lapses of memory regarding matters pertaining to the offense and his testimony indicating he lacked knowledge that the typewriters were stolen. Knowledge that they were stolen is an element of the offense (Pen. Code, § 496), and in this proceeding the record of conviction is conclusive evidence of his guilt. (Bus. & Prof. Code, § 6101.) Furthermore, even if the record supported the quoted finding, Waisbren has failed to show that the board's recommendation is erroneous.

■ Waisbren seeks to have us give greater weight to the recommendation of the local committee than to that of the board, but "it is well established that 'although the local committee's greater opportunity to observe and judge the credibility of the witnesses requires that great weight be given to their *factual* findings, it is the Board's recommendation in the matter of the appropriate degree of discipline which is accorded the greater weight.' " (*In re Kreamer, supra,* 14 Cal.3d 524, 532, fn. 5, quoting from *Tomlinson* v. *State Bar* (1975) 13 Cal.3d 567, 578 [119 Cal.Rptr. 335, 531 P.2d 1119]; accord, *In re Silverton* (1975) 14 Cal.3d 517, 523 [121 Cal.Rptr. 596, 535 P.2d 724].)

Before 1955 an attorney's conviction of receiving stolen property would have resulted in his automatic disbarment (Stats. 1939, ch. 34, p. 357), and we have said that " 'Under Business and Professions Code sections 6101-6102, as amended in 1955, disbarments and not suspension have been the rule rather than the exception in cases of serious crimes involving moral turpitude, the purpose of the statutes being to protect the public, as well as the courts and the legal profession.' " (*In re Plotner, supra,* 5 Cal.3d 714, 726, quoting from *In re Smith* (1967) 67 Cal.2d 460, 462 [62 Cal.Rptr. 615, 432 P.2d 231].) In the only cases cited involving convictions of receiving stolen property since 1955, disbarment was deemed appropriate. (*In re Plotner, supra,* [conviction of foregoing

offense and procuring abortion]; *In re Lyons,* Bar Misc. 2312 [conviction of receiving stolen property; aggravating circumstances].)

■ We conclude that four years suspension commencing September 29, 1972, as recommended by the board, is warranted by the facts of this case and that we should therefore follow the board's recommendation. Since Waisbren has already filed the affidavit evidencing his compliance with rule 955, provisions relating to that rule need not be included in our order.

It is ordered that petitioner be suspended from the practice of law for a period of four years, commencing as of September 29, 1972. This order is effective 30 days after the filing of this opinion.