[L.A. No. 30475. In Bank. Apr. 16, 1976.]

ALAN THEODORE SELZNICK, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

**COUNSEL**

Alan Theodore Selznick, in pro. per., and Richard J. Weller for Petitioner.

Herbert M. Rosenthal and Stuart A. Forsyth for Respondent.

**OPINION**

**THE COURT.**—This is a proceeding to review a recommendation of the Disciplinary Board of the State Bar of California that petitioner be suspended from the practice of law for three years upon conditions of probation, including actual suspension for six months and the making of restitution to clients in the sum of $1,000.

Petitioner was admitted to practice law in California in January 1947. He was previously disciplined here for having commingled and converted funds belonging to one of his clients.[1]

---

[1]On November 1, 1960, we ordered petitioner suspended from the practice of law for two years on terms of probation which included six months' actual suspension. Minute order, filed November 1, 1960.

In the current proceeding petitioner was charged with violation of his oath and duties as an attorney (Bus. & Prof. Code, §§ 6103, 6067, 6068) and the commission of acts involving moral turpitude, dishonesty and corruption. (Bus. & Prof. Code, § 6106.) After a hearing on these charges, the local administrative committee unanimously found petitioner guilty of professional misconduct for abandoning the criminal appeal of his clients, Melvin and Dorothy Jeanne Bangle, after he accepted their $1,000 retainer and recommended that he be placed on probation for a period of three years, upon conditions including six months' actual suspension and restitution to the Bangles in the sum of $1,000. The board unanimously adopted the committee's findings of fact as well as its recommendation for probation, suspension and restitution.[2]

Petitioner was originally retained by the Bangles to assist their principal attorney, James Mack, in preparing the defense of a criminal case in which the parties were charged as codefendants. The flat fee for petitioner's services was set at $750. At jury trial, the Bangles were convicted of the offenses as charged. They thereafter requested Mack to file a notice of appeal. Upon subsequently discovering that Mack had been disbarred, however, the Bangles requested petitioner to proceed with the appeal.

The Bangles gave petitioner two payments totalling $1,000 to file their appeal. Petitioner secured three extensions of time in which to file the opening brief in the appeal but took no further action on the matter. The Bangles had no cause to suspect any difficulty arising with respect to filing the appeal, however, until January 1972 when they received a notice from the court that the appeal had been dismissed. In fact, between the second payment in September 1971 and the January 1972 notice of dismissal, Melvin Bangle had two conversations with petitioner

---

[2]The board also adopted the following as recommended conditions of probation: (a) compliance with the provisions of the State Bar Act and the Rules of Professional Conduct of the State Bar of California, (b) submission of quarterly written reports to the State Bar certifying such compliance, particularly with regard to the handling of clients' funds and the accounting for such funds, (c) submission of quarterly certificates from a public accountant attesting to petitioner's having properly kept and maintained (i) a trust account for clients' funds at a California bank or trust company and (ii) adequate books and records of all accounts and transactions involving clients' funds, and (d) agreement to fully, promptly and truthfully answer any inquiries relating to his compliance with the terms of probation from any authorized member(s) or representative(s) of the disciplinary board, except to the extent prohibited by the attorney-client privilege and the privilege against self-incrimination. November 1974 disciplinary board minutes, at pages 14-16.

and on each occasion petitioner reported that he was "hard-pressed for time" but was doing research on the appeal.

Petitioner testified before the committee that prior to trial he had informed the Bangles that his fee would be $50 an hour plus $350 per diem for time spent in court; and not a flat fee of $750. Petitioner therefore maintained that he had credited the two $500 payments from the Bangles toward a $1,500 figure still owed him from his work on their trial. But petitioner could produce no records to verify how he arrived at the $1,500 figure and merely stated that the calculation was a "guesstimate" of the time spent on the trial. Petitioner further asserted that he had told the Bangles that there were "no grounds to file anything but a frivolous appeal" upon receipt of their second payment in September 1971; four months before the complainants received the notice of dismissal.

Petitioner's explanations of his conduct were based largely upon his own testimony. There was a marked absence of documentary corroboration in support of his assertions (see *Ridley* v. *State Bar* (1972) 6 Cal.3d 551, 559 [99 Cal.Rptr. 873, 493 P.2d 105]). There was no actual retainer agreement signed by either petitioner or the complainants establishing a fee or the procedure for payment. Furthermore, petitioner could produce no record of the balance owed him for his work at the trial and had no memoranda of either his research or the time spent working on the appeal. In reaching its conclusion, the committee resolved all conflicts in the evidence in favor of the Bangles and specifically rejected the version of the facts offered by petitioner.

In cases such as the present one, when petitioner's credibility as a witness is in issue, we must give great weight to the actions of the administrative committee which saw and heard the witnesses (*Ridley* v. *State Bar, supra,* 6 Cal.3d 551, 559; *Corn* v. *State Bar* (1968) 68 Cal.2d 461, 466-467 [67 Cal.Rptr. 401, 439 P.2d 313]). The record adequately supports the committee's findings that petitioner failed to protect the Bangles' interests and through either direct misrepresentation or sheer negligence caused their case on appeal to be dismissed.

We have repeatedly stated that willful failure to perform legal services for which an attorney has been retained in itself warrants disciplinary action, constituting a breach of the good faith and fiduciary duty owed by the attorney to his clients (*Alkow* v. *State Bar* (1971) 3

Cal.3d 924, 935 [92 Cal.Rptr. 278, 479 P.2d 638]; *Simmons* v. *State Bar* (1970) 2 Cal.3d 719, 729 [87 Cal.Rptr. 368, 470 P.2d 352]). Even when such action is grossly negligent or careless rather than willful and dishonest, it is an act of moral turpitude and professional misconduct (*Grove* v. *State Bar* (1967) 66 Cal.2d 680, 683-684 [58 Cal.Rptr. 564, 427 P.2d 164]; *Stephens* v. *State Bar* (1942) 19 Cal.2d 580, 582-583 [122 P.2d 549]).

Both the local administrative committee and the board unanimously recommended that petitioner be suspended for three years with only the first six months to be served in actual suspension. ■ While their recommendation is entitled to great weight, it is not binding on this court which has the power to weigh and pass upon the sufficiency of the evidence, and, if justified, to impose more severe discipline than that recommended (*Silver* v. *State Bar* (1974) 13 Cal.3d 134, 147 [117 Cal.Rptr. 821, 528 P.2d 1157]; *Glickman* v. *State Bar* (1973) 9 Cal.3d 179, 184 [107 Cal.Rptr. 65, 507 P.2d 593]).

■ A petitioner's prior record may properly be considered in determining the appropriate discipline (*Eschwig* v. *State Bar* (1969) 1 Cal.3d 8, 18 [81 Cal.Rptr. 352, 459 P.2d 904, 35 A.L.R.3d 662]). ■ It is particularly significant in the present case that petitioner has previously been suspended for a two-year period, including six months of actual suspension, for improper use of clients' funds.

Therefore, in light of the gravity of petitioner's conduct, coupled with his prior record and apparent lack of insight into the wrongfulness of his action (*Sodikoff* v. *State Bar* (1975) 14 Cal.3d 422, 432 [121 Cal.Rptr. 467, 535 P.2d 331]) as well as his open lack of candor in testifying before the committee (see *In re Bogart* (1973) 9 Cal.3d 743, 749 [108 Cal.Rptr. 815, 511 P.2d 1167]), a more stringent penalty of one year of actual suspension is warranted.

Accordingly, it is ordered that petitioner be suspended from the practice of law for three years; that execution of the order be stayed; and that he be placed on probation for that period upon condition that he be actually suspended for the first year; that he make restitution in the sum of $1,000 to Melvin and Dorothy Jeanne Bangle; and that he comply with those other conditions of probation recommended in the resolution of the board of November 7, 1974, except that in lieu of requiring petitioner to certify in his first quarterly report to the State Bar that he has read the State Bar Act and Rules of Professional Conduct, we further

order that prior to the end of petitioner's actual period of suspension, he pass the Professional Responsibility Examination. It is also ordered that petitioner comply with rule 955 of the California Rules of Court and that he be required to perform the acts specified in subdivisions (a) and (c) of that rule within 30 and 40 days respectively after the effective date of this order. This order is effective 30 days after the filing of this opinion.