[L.A. No. 30982. Dec. 29, 1978.]

ERNEST R. HANSEN, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

**Counsel**

Ernest R. Hansen, in pro. per., for Petitioner.

Herbert M. Rosenthal and Marie M. Moffat for Respondent.

**Opinion**

**THE COURT.**—The Disciplinary Board of the State Bar of California has recommended that petitioner be suspended from the practice of law for six months. We accept the board's recommendation.

Petitioner was admitted to the practice of law in California in 1955 and has no prior record of discipline. According to petitioner's own admission, "In January of 1970 petitioner was hired to represent one Lela Lewis in a personal injury auto-to-auto accident occurring on September 6, 1969. He failed to file a suit by the expiration of the one year statute of limitations, September 6, 1970 and then concealed that fact from her until October of 1975 . . . ."

The record indicates that although petitioner continually represented to his client that her case was proceeding satisfactorily, in fact petitioner had neglected to file the requisite complaint or to pursue a workers' compensation claim on behalf of Mrs. Lewis. On February 22, 1971, petitioner paid a $500 hospital admission fee for Mrs. Lewis, whose health and financial condition had deteriorated. The board found that

petitioner made this payment in order to conceal from Mrs. Lewis the fact that he had failed to file her personal injury action. Petitioner made no further medical payments for her, however, and by 1975 the hospital had commenced collection proceedings. Petitioner finally disclosed the facts to Mrs. Lewis, who thereupon brought a malpractice suit against him. The suit was settled, although petitioner has made only partial payment on the settlement.

The board's hearing panel unanimously found that petitioner had violated his oath and duties as an attorney (see Bus. & Prof. Code, §§ 6067, 6068, 6103), and had committed acts involving moral turpitude and dishonesty (see *id.*, § 6106). The panel recommended that petitioner be suspended from the practice of law for six months. Petitioner requested review by the advisory review panel, which unanimously adopted the hearing panel's findings and recommendations.

██ ██ As indicated above, petitioner does not dispute the truth of the charges against him, including his actual misrepresentations to his client. He asserts, however, that the recommended discipline is too severe in light of certain "mitigating" factors. First, he points to the fact that he voluntarily paid Mrs. Lewis' $500 hospital admission fee. The board found, however, that this payment was made to conceal from Mrs. Lewis the fact that petitioner had failed to discharge his duties. Although petitioner insists that he withheld this information to "protect" Mrs. Lewis' mental health, the board was entitled to disbelieve petitioner's beneficent motive in this regard. We give great weight to the board's findings based on the credibility of witnesses. (*Selznick* v. *State Bar* (1976) 16 Cal.3d 704, 708 [129 Cal.Rptr. 108, 547 P.2d 1388].)

Petitioner then points to testimony that he had volunteered to pay additional medical bills for Mrs. Lewis. The offer, however, was made five years after the expenses had first been incurred and may have been motivated by a desire to avoid the malpractice suit and disciplinary proceedings which ultimately resulted.

Finally, petitioner complains that the board failed to consider in mitigation of his punishment the fact that Mrs. Lewis' attorney requested the board not to suspend petitioner so that petitioner could continue to make the payments on the settlement of the malpractice action. The record indicates that, contrary to petitioner's assumption, the board did consider (and rejected) the attorney's request. In any event, it is difficult to envision how this request could properly be considered as mitigating the seriousness of the offenses.

The recommended six months' suspension seems appropriate given the nature of petitioner's conduct. (See, e.g., *Lester* v. *State Bar* (1976) 17 Cal.3d 547, 551 [131 Cal.Rptr. 225, 551 P.2d 841]; *Alkow* v. *State Bar* (1971) 3 Cal.3d 924, 936 [92 Cal.Rptr. 278, 479 P.2d 638].) No compelling reason exists on the present record for staying the board's recommended punishment. Although such a stay might facilitate payment to Mrs. Lewis, petitioner has not alleged that suspension will render him impecunious. Moreover, a substantial period of actual suspension seems appropriate to protect the public and to deter petitioner and others from similar conduct in future cases.

It is ordered that petitioner be suspended from the practice of law for six months, that he pass the Professional Responsibility Examination within one year of the effective date of this order (see *Segretti* v. *State Bar* (1976) 15 Cal.3d 878, 891, fn. 8 [126 Cal.Rptr. 793, 544 P.2d 929]), and that he comply with California Rules of Court, rule 955, within thirty days after the effective day of this order.

Petitioner's application for a rehearing was denied February 1, 1979.