[L.A. No. 31351. Mar. 5, 1981.]

In re JACK MARTIN CONFLENTI on Disbarment.

## COUNSEL

Caldwell & Toms, Eric Nelson Lindquist and D. Steve Cameron for Petitioner.

Herbert M. Rosenthal and Truitt A. Richey, Jr., for Respondent.

## OPINION

THE COURT.*—We review a recommendation of the State Bar Court (see Rules Proc. of State Bar, rule 2.30, West's Ann. Bus. & Prof.

---

*Before Bird, C. J., Tobriner, J., Mosk, J., Richardson, J., Newman, J., Reynoso, J.,† and Grodin, J.†

†Assigned by the Chairperson of the Judicial Council.

Code, foll. § 6087) that petitioner, Jack Martin Conflenti, be disbarred from the practice of law because of his conviction of a crime involving moral turpitude and because of the facts and circumstances surrounding that crime. Petitioner does not contest the factual findings of the State Bar except insofar as they fail to find mitigating circumstances. In view of that claimed mitigation and of his alleged rehabilitation, petitioner contends that disbarment is too severe and that suspension would be a more appropriate discipline. We conclude that disbarment is warranted.

Petitioner was admitted to the practice of law on June 18, 1974, and has not previously been subjected to discipline. On November 17, 1977, pursuant to a negotiated plea of guilty, he was convicted of one count of attempting to receive stolen property in violation of sections 664 and 496 of the Penal Code, a felony. He was placed on probation for a period of 5 years, on condition, inter alia, that he spend 365 days in the county jail, with execution of that jail sentence suspended for 6 months pending a further probation report on any State Bar proceedings commenced against him. At sentencing, the court dismissed two counts of conspiracy to commit burglary (Pen. Code, § 182), three counts of solicitation to commit burglary (id., § 653f) and an additional count of attempting to receive stolen property. (Thereafter, petitioner's conviction was reduced to a misdemeanor, probation was terminated and the criminal proceedings were dismissed pursuant to sections 17 and 1203.4 of the Penal Code.)

Upon petitioner's conviction of an offense involving moral turpitude, we placed him on interim suspension (Bus. & Prof. Code, § 6102, subd. (a)) and referred the matter to the State Bar for hearing, report and recommendation of discipline. (Id., § 6102, subd. (c).)

In hearings before a panel of the State Bar Court, oral and written testimony was taken resulting in the following uncontested findings of fact: An investigation of petitioner was commenced on November 2, 1976, as a result of information that he previously had purchased stolen goods from an informant. At clandestinely tape-recorded meetings in petitioner's law offices on November 2, 3, 12 and 17, 1976, attended by petitioner, the informant and an undercover deputy of the Los Angeles County Sheriff's Department, petitioner suggested the location of residences of his clients and friends to be burglarized, drew a diagram of one client's home to aid in such burglary, provided the supposed burglars with a confidential appraisal report of personalty valued at over $400,000 located at the home of another proposed burglary victim, ne-

gotiated a 20 percent "commission" on the sale price of certain property to be stolen, accepted a $5 gold coin on a chain as a token of "good faith," requested and received a color television set he was told was stolen, and introduced a friend (and codefendant in the criminal case) to the supposed burglars as a potential purchaser of stolen goods.

The hearing panel further found: that at the time of these incidents petitioner was experiencing marital disharmony, but that he did not seek assistance in connection therewith until after his arrest; that no known pecuniary loss resulted from petitioner's conduct; that he cooperated fully with police authorities after his arrest, assisting them with other investigations; that he had not previously been arrested and that prior to this arrest his reputation in the community had been good; that both before and after these incidents petitioner was an active church member; that his conduct while on probation was exemplary; and that petitioner suffered emotional trauma relating to his criminal and disciplinary proceedings, becoming depressed and developing a dependence on controlled substances, and was "contrite about his predicament."

Concluding that petitioner's criminal violation and other conduct was wilful, intentional, deliberate and felonious, and that such violation of his oath and responsibility as an attorney was unmitigated, the hearing panel recommended disbarment and compliance with rule 955 of the California Rules of Court.

After hearing arguments of counsel at a meeting attended by petitioner and respondent, the review department adopted the findings of fact of the hearing panel and also recommended petitioner's disbarment and compliance with rule 955. (See Rules Proc. of State Bar, rules 450-452.)

In contesting the recommendation of disbarment, petitioner argues that the mitigating circumstances described in the State Bar's findings, together with his alleged rehabilitation (as to which the State Bar made no finding), indicate suspension would be a more appropriate discipline. We cannot agree.

█ Petitioner correctly observes that the purpose of these disciplinary proceedings is not so much to punish him as to ascertain his fitness to practice law, an inquiry we undertake for the protection of the public, the courts and the legal profession itself. (*Bradpiece* v. *State Bar* (1974) 10 Cal.3d 742, 748 [111 Cal.Rptr. 905, 518 P.2d 337].) █

The burden of demonstrating the impropriety of the discipline recommended by the State Bar to achieve that protection, however, rests upon petitioner. (*In re Arnoff* (1978) 22 Cal.3d 740, 747 [150 Cal.Rptr. 479, 586 P.2d 960]; *Magee v. State Bar* (1975) 13 Cal.3d 700, 708 [119 Cal.Rptr. 485, 532 P.2d 133].)

Petitioner candidly acknowledges the gravity of his crime and related conduct. ■ Under the circumstances of this case, his conviction of attempt to receive stolen goods, a felony involving moral turpitude, is itself sufficient ground for disbarment. (See Bus. & Prof. Code, § 6101; compare *In re Waisbren* (1975) 15 Cal.3d 553 [125 Cal.Rptr. 479, 542 P.2d 639].) Providing supposed burglars with confidential information in aid of the burglaries of residences of persons who have reposed trust in him because he was a lawyer was also a most serious breach of petitioner's oath and responsibility as a member of the bar (see *Mayo v. State Bar* (1978) 23 Cal.3d 72, 75 [151 Cal.Rptr. 345, 587 P.2d 1158]) and independently would fully warrant his disbarment. For such serious misconduct involving moral turpitude, disbarment, rather than suspension, has been the rule. (See *In re Hurwitz* (1976) 17 Cal.3d 562, 567 [131 Cal.Rptr. 402, 551 P.2d 1234] [disbarment for acts in the nature of burglary]; *In re Silverton* (1975) 14 Cal.3d 517 [121 Cal.Rptr. 596, 535 P.2d 724] [disbarment for solicitation of grand theft]; *In re Plotner* (1971) 5 Cal.3d 714, 726 [97 Cal.Rptr. 193, 488 P.2d 385] [disbarment warranted for receiving stolen property].)

Nor are we persuaded that the State Bar erred in finding that petitioner's violation of his oath was unmitigated. That finding, being based upon the hearing panel's first-hand observation of the witnesses, is entitled to great weight. (*Lewis v. State Bar* (1973) 9 Cal.3d 704, 712-713 [108 Cal.Rptr. 821, 511 P.2d 1173].) Further, upon independent review of the record (see *Marcus v. State Bar* (1980) 27 Cal.3d 199, 201 [165 Cal.Rptr. 121, 611 P.2d 462]), we conclude that the finding is supported by the weight of the evidence as well.

The State Bar found that petitioner is remorseful. This, however, does not alleviate appreciably what petitioner recognizes as the "most difficult" task of determining whether rehabilitation has, in fact, been achieved. Remorse does not demonstrate rehabilitation. While a candid admission of misconduct and full acknowledgment of wrongdoing may be a necessary step in the process, it is only a first step. In our view, a truer indication of rehabilitation will be presented if petitioner can demonstrate by his sustained conduct over an extended period of time that

he is once again fit to practice law. (See *In re Allen* (1959) 52 Cal.2d 762, 768 [344 P.2d 609].) We are in no position to dispute the State Bar's failure to make a factual finding of rehabilitation on the evidence before it. Petitioner will have an additional opportunity hereafter to demonstrate his fitness in reinstatement proceedings before that body. (Rules Proc. of State Bar, rules 660-668.)

The uncontested findings of the State Bar demonstrate petitioner's serious breach of his oath and responsibility as an attorney. Neither evidence of mitigation nor that of rehabilitation establishes that the discipline recommended is erroneous.

Accordingly, it is ordered that Jack Martin Conflenti be disbarred from the practice of law in this state and that he comply with rule 955, subdivision (a), of the California Rules of Court within 30 days of the effective date of this order, and with subdivision (c) of that rule within 60 days of such effective date. This order is effective 30 days after the filing of this opinion.