[L.A. No. 31350. May 4, 1981.]

In re ROBERT KEITH PETTY on Disbarment.

In re OTIS GUS McCRAY on Disbarment.

**COUNSEL**

Otis Gus McCray, in pro. per., and Theodore A. Cohen for Petitioners.

Herbert M. Rosenthal, Truitt A. Richey, Jr., and Marie M. Moffat for Respondent.

OPINION

THE COURT.*—In two consolidated matters, we review recommendations of the State Bar Court that petitioners Robert Keith Petty and Otis Gus McCray, former law partners, be disbarred from the practice of law because of their convictions of crimes involving moral turpitude. (See Bus. & Prof. Code, § 6101.) Neither petitioner contests the factual findings which were made by that court, but each objects to its failure to find mitigating and rehabilitating factors which would render excessive the discipline recommended. We have concluded that disbarment is warranted in each matter because of the crimes and the circumstances surrounding their commission. (See *id.*, § 6102.)

Petty and McCray were admitted to the practice of law on January 7, 1971, and neither previously has been subjected to discipline. In January of 1972 they entered into a law partnership.

On December 8, 1977, Petty was convicted on his pleas of nolo contendere to eight counts of grand theft in violation of Penal Code section 487, subdivision 1, and four counts of forgery in violation of Penal Code section 470. Imposition of sentence was suspended and Petty was placed on probation for a period of five years on condition, inter alia, that he make restitution of fraudulently received insurance proceeds and that he not gamble. At sentencing, *40* additional counts charging violations of the foregoing statutes and of Insurance Code section 556 were dismissed.

On June 8, 1978, McCray was convicted on his pleas of nolo contendere to two counts of grand theft in violation of Penal Code section 487, subdivision 1, and one count of forgery in violation of Penal Code section 470. McCray was fined $500 and placed on probation for a period of three years on condition, inter alia, that he make restitution of fraudulently obtained insurance proceeds and that he not associate with Petty. At sentencing, *42* additional counts charging violations of the above mentioned three statutes were dismissed.

Because Petty and McCray were convicted of serious offenses involving moral turpitude (see *In re Silverton* (1975) 14 Cal.3d 517, 523 [121

---

*Before Bird, C. J., Tobriner, J., Mosk, J., Richardson, J., Newman, J., Roth, J.,†
and Beach, J.†

†Assigned by the Chairperson of the Judicial Council.

Cal.Rptr. 596, 535 P.2d 724]), we suspended them from practice pending a final determination of these disciplinary proceedings (see Bus. & Prof. Code, § 6102, subd. (a)), and referred their cases to the State Bar for hearing, report and recommendation of discipline. (See *id.*, § 6102, subd. (c).) There the matters were consolidated for hearing before the same panel of the State Bar Court.

In proceedings before that hearing panel, Petty admitted responsibility for all 52 counts with which he originally was charged. McCray admitted he was "responsible probably" for all 45 counts in the indictment against him, but generally sought to portray himself as the more passive, and less culpable, member of what he refers to as the "conspiracy." Concluding that the criminal convictions and other conduct of petitioners involved moral turpitude, the hearing panel recommended by two-to-one votes that both be disbarred; the third member of the panel recommended suspension for an indeterminate period in each case.

At Petty's request, the recommendation pertaining to him was reviewed by the review department of the State Bar Court. (See Rules Proc. of State Bar, rule 450, subd. (a).) In the absence of a similar request by McCray, ex parte review of his matter was nonetheless undertaken as well. (See *id.*, rule 450, subd. (b).)

The review department affirmed the hearing panel's recommendations. It made independent findings of fact as to Petty because of his participation in the review process and, by a seven-to-five vote, recommended his disbarment. As to McCray it adopted as its own the decision of the hearing panel. We analyze the final recommendation of the review department. (See Rules Proc. of State Bar, rule 452.)

The State Bar's factual findings are not specifically contested by petitioners. Because each petitioner claims that evidence of mitigation and rehabilitation undermines the bar's ultimate recommendations, however, we have reviewed independently the record in these consolidated matters to ascertain whether those bar findings are supported by the weight of the evidence. (See *Marcus* v. *State Bar* (1980) 27 Cal.3d 199, 201 [165 Cal.Rptr. 121, 611 P.2d 462].)

STATEMENT OF FACTS

The weight of the evidence establishes that commencing in 1972, Petty and McCray individually, knowingly and wilfully: employed and paid

others for the purpose of producing personal injury and property damage claims, staged false automobile accidents, falsified medical reports and property damage reports, presented false claims to insurers for settlement, and forged the names of individuals to releases in order to obtain such settlement proceeds—all with the intent of defrauding insurers. As a result of the false claims made by Petty and McCray, insurers were defrauded of $15,000 to $17,000. Additional false claims made by Petty alone resulted in the wrongful payment of approximately $85,000 more. Sharing these monies with others who were involved in the scheme, Petty and McCray each profited from such practices and continued to do so until 1975, when they learned of a pending investigation of their conduct.

The State Bar Court failed to make any clear-cut findings of fact which would mitigate the seriousness of petitioners' misconduct. It acknowledged Petty's testimony that his illegal activities resulted from a gambling "addiction" with which he was attempting to cope, but also noted testimony that there was no assurance that his control attempts were successful. The bar court made no finding which established McCray's claimed "passive" involvement. Its findings were inconclusive as to the effect of testimony and letters offering favorable opinions as to Petty's and McCray's asserted rehabilitation. Similarly, it simply noted the existence of evidence that both petitioners volunteered their services to community service activities, and that after their respective convictions, Petty aided the insurance industry in dealing with automobile claims fraud and McCray made complete restitution. We cannot fairly say that the weight of the evidence establishes more.

## DISCUSSION

■ The purpose of these disciplinary proceedings is not primarily to punish petitioners, but rather to inquire into their fitness to continue as attorneys, which inquiry we undertake for the protection of the public, the courts and the legal profession. (*Bradpiece* v. *State Bar* (1974) 10 Cal.3d 742, 748 [111 Cal.Rptr. 905, 518 P.2d 337].) ■ Petitioners bear the burden of demonstrating that, in pursuit of that objective, the recommendations of the State Bar are erroneous. (*In re Arnoff* (1978) 22 Cal.3d 740, 747 [150 Cal.Rptr. 479, 586 P.2d 960]; *Magee* v. *State Bar* (1975) 13 Cal.3d 700, 708 [119 Cal.Rptr. 485, 532 P.2d 133].) In that regard, we afford great weight to the findings of the hearing panel which saw and heard the witnesses. (See *Lewis* v. *State Bar* (1973) 9 Cal.3d 704, 712-713 [108 Cal.Rptr. 821, 511 P.2d 1173].)

■ In the absence of mitigating circumstances, the serious misconduct for which Petty and McCray were convicted unquestionably warrants disbarment. (See Bus. & Prof. Code, § 6101; *In re Bogart* (1973) 9 Cal.3d 743, 748 [108 Cal.Rptr. 815, 511 P.2d 1167].) The elaborate, deceitful, and fraudulent conspiracy for which each of the petitioners has admitted full responsibility would likewise justify such a result, even if it were unrelated to an attorney's conduct of his profession. (See *In re Bogart, supra*, at p. 749.) Where, as here, the theft and forgery are inextricably interwoven with the practice of law itself, the propriety of that discipline is even more clear. (See *In re Silverton, supra*, 14 Cal.3d 517.) (We note that by statute effective May 31, 1978, conduct such as petitioners' involving presentation of false insurance claims is expressly made an independent ground for disbarment or suspension. (Bus. & Prof. Code, § 6106.5.))

Petitioners' assertions of their youth and inexperience at the time of the commission of the offenses do not mitigate their actions. Most lawyers at the inception of their legal careers are "young and inexperienced," but they do not defraud insurance companies of substantial sums of money or take advantage of their new-found positions of trust. Nor can substantial mitigative effect be given to petitioners' lack of any prior disciplinary record in view of the relatively brief periods of their practice before their involvement in the reprehensible conduct which they have admitted and for which they now stand convicted. (See *In re Bloom* (1977) 19 Cal.3d 175, 179 [137 Cal.Rptr. 168, 561 P.2d 258]; *In re Hanley* (1975) 13 Cal.3d 448, 454 [119 Cal.Rptr. 5, 530 P.2d 1381].) Their criminal conduct commenced the year following their admission to the bar, and it was only their detection which was delayed for several years. Whatever mitigating force may be accorded their youth and inexperience in no way demonstrates petitioners' *present* fitness to practice law, which is the controlling consideration before us. It is frequently difficult to establish the existence of genuine rehabilitation, and the record before us does not demonstrate that it has occurred here.

There is no support for Petty's suggestion that the State Bar, contrary to its recommendation of disbarment, found him "rehabilitated." No such finding of fact was made. The language upon which he relies, referring to his "demonstrated good faith and apparent rehabilitation," appears in the review department's recommendation to the Board of Governors of the State Bar that in the event of his disbarment, he be allowed to apply for reinstatement after three, rather than five, years

following the date of his interim suspension. (See Rules Proc. of State Bar, rule 662.) Moreover, Petty's construction of the obvious ambiguity in the phrase "apparent rehabilitation" as meaning "actual rehabilitation" is not consistent with the bar's ultimate recommendation of disbarment. So viewed, the review department's suggested acceleration of Petty's opportunity to demonstrate his rehabilitation in reinstatement proceedings cannot be construed as a determination that the goal already has been achieved.

Finally, neither character testimony, however laudatory (see *In re Hanley, supra*, 13 Cal.3d at p. 454; *Feinstein v. State Bar* (1952) 39 Cal.2d 541, 547-548 [248 P.2d 3]), nor restitution undertaken in the shadow of disciplinary proceedings (see *Fitzpatrick v. State Bar* (1977) 20 Cal.3d 73, 88 [141 Cal.Rptr. 169, 569 P.2d 763]; *Sevin v. State Bar* (1973) 8 Cal.3d 641, 646 [105 Cal.Rptr. 513, 504 P.2d 449]) establishes the requisite rehabilitation.

Under the circumstances of these cases, evidence of any rehabilitation will be more persuasive if offered during any reinstatement proceedings after disbarment. At that time petitioners may be able to show by sustained exemplary conduct over an extended period of time that they have reattained the standard of fitness to practice law. (See *Tomlinson v. State Bar* (1975) 13 Cal.3d 567, 579 [119 Cal.Rptr. 335, 531 P.2d 1119]; *In re Distefano* (1975) 13 Cal.3d 476, 481 [119 Cal. Rptr. 105, 531 P.2d 417]; *In re Allen* (1959) 52 Cal.2d 762, 768 [344 P.2d 609].) This has been our usual disposition in similar cases involving a comparable pattern of theft and forgery by a member of the bar. (See *In re Wright* (1973) 10 Cal.3d 374, 376 [110 Cal.Rptr. 348, 515 P.2d 292]; *In re Bogart, supra*, 9 Cal.3d 743, 748; *In re Smith* (1967) 67 Cal.2d 460, 462-463 [62 Cal.Rptr. 615, 432 P.2d 231].)

CONCLUSION

Upon findings supported by the weight of the evidence, the State Bar recommends disbarment of Petty and McCray. There is no persuasive basis for rejecting those recommendations.

Accordingly, it is ordered that Robert Keith Petty and Otis Gus McCray be disbarred from the practice of law in this state and that

each comply with rule 955, subdivision (a), of the California Rules of Court within 30 days of the effective date of this order, and with subdivision (c) of that rule within 60 days of such effective date. This order is effective 30 days after the filing of this opinion.

The application of petitioner Petty for a rehearing was denied June 17, 1981.