[L.A. No. 31401. Dec. 3, 1981.]

In re DAVID D. TREBILCOCK on Disbarment.

.

**COUNSEL**

Burton Bach for Petitioner.

Herbert M. Rosenthal, Truitt A. Richey, Jr., and Marie M. Moffat for Respondent.

OPINION

THE COURT.—David D. Trebilcock, a member of the State Bar since 1975, seeks review of a recommendation of the Disciplinary Board of the State Bar that he be disbarred from the practice of law. We accept the State Bar's recommendation.

On June 7, 1979, petitioner was placed on interim suspension following his conviction of robbery (18 U.S.C. § 2113(a)). After the conviction became final, we ordered petitioner to show cause why a final disciplinary order should not be made. Petitioner then filed his response to the order to show cause, and the matter was referred to the State Bar for hearing, report and recommendation as to appropriate discipline. Following a hearing, the State Bar hearing panel unanimously recommended that petitioner be disbarred. The hearing panel expressly found that petitioner had failed to show sufficient mitigating circumstances, and that insufficient time had passed to disclose the extent of petitioner's remorse or rehabilitation. Thereafter, the hearing panel denied petitioner's request for reconsideration, and the State Bar review department unanimously adopted the disbarment recommendation.

In 1978 petitioner committed six robberies of savings and loan associations in the Los Angeles area over a period of two and one-half months. In committing these robberies, petitioner used a small toy pistol and, to facilitate his escape from the crime scenes, he removed his own license plates and replaced them with other plates. The hearing panel found that petitioner's crimes were motivated by a desire for money, and that his acts were done voluntarily and knowingly. Petitioner admits the truth of the foregoing findings. The panel further found, on the basis of psychiatric and other testimony, that although petitioner needs "long-term intensive psychotherapy," he is not presently receiving such therapy, and accordingly cannot be trusted to withstand the pressures of law practice.

Contending that he has been rehabilitated, petitioner points to the testimony from his therapist and his probation officer suggesting that

while he was suicidal and emotionally disturbed at the time of his offenses, he has now resolved his emotional problems. Petitioner also cites letters from persons, including former employers and the trial judge who presided over his criminal case, expressing their collective opinion that petitioner has now changed and will not repeat his criminal conduct.

■ The purpose of disciplinary proceedings is not primarily to punish errant practitioners, but rather to determine their fitness to continue to practice law, which inquiry we undertake on review for the protection of the public, the courts and the legal profession. (*In re Petty* (1981) 29 Cal.3d 356, 360 [173 Cal.Rptr. 461, 627 P.2d 191]; *In re Conflenti* (1981) 29 Cal.3d 120, 123 [172 Cal.Rptr. 203, 624 P.2d 253].) ■ The burden is on petitioner to demonstrate that the board's recommendation is erroneous or unlawful. (*In re Lyons* (1975) 15 Cal.3d 322, 325 [124 Cal.Rptr. 171, 540 P.2d 11].) In that connection, we afford great weight to the findings of the hearing panel which saw and heard the witnesses. (*Petty*, 29 Cal.3d at p. 360.)

■ In the absence of strong mitigating circumstances, it is self-evident that the serious and repeated misconduct involved here unquestionably warrants disbarment. (E.g., *Petty, supra*, 29 Cal.3d at p. 361; *Conflenti, supra*, 29 Cal.3d at p. 124.) Despite contrary urging, we cannot conclude from the record before us that petitioner has adequately demonstrated his rehabilitation. The most serious nature of his offenses, the fact that they were six in number, and were committed over two and one-half months, and the deceptive measures taken by him to facilitate his escape, all speak eloquently of his character in 1978. Moreover, though he may have changed for the better since then, there is some evidence in the record that his criminal behavior ended when his financial needs were temporarily satisfied. In the face of these facts, testimony of third parties as to petitioner's character, though laudatory, fails to establish the requisite rehabilitation.

We agree with the hearing panel's conclusion that "a sufficient time has not elapsed to show remorse and rehabilitation."

As we observed in *Conflenti, supra*, "While a candid admission of misconduct and full acknowledgment of wrongdoing may be a necessary step in the process, it is only a first step. In our view, a truer indication of rehabilitation will be presented if petitioner can demonstrate *by his sustained conduct over an extended period of time* that he is once again

fit to practice law. [Citation.] ... Petitioner will have an additional opportunity- hereafter to demonstrate his fitness in reinstatement proceedings .... (Rules Proc. of State Bar, rules 660-668.)" (29 Cal.3d 120, 124-125, italics added; see also *In re Petty, supra*, 29 Cal.3d 356, 362.)

The uncontested findings of the hearing panel establish petitioner's serious and repeated violations of his oath and responsibility as an attorney. Petitioner's evidence of mitigation and rehabilitation was insufficient to establish that the recommended discipline in any way is excessive. The same discipline would have been fully justified for a single incident of this nature. The damaging force of the offense is not lessened by the fact that there were six.

It is ordered that David D. Trebilcock be disbarred from the practice of law in this state and that his name be stricken from the roll of attorneys, effective- 30 days after the filing of this opinion. It is also ordered that he comply with the provisions of rule 955(a), of the California Rules of Court within 30 days of the effective date of this order and that he file an affidavit with the clerk of this court as provided in subdivision (c) of that rule within 40 days of such effective date.