EDWARD KRAVIS, PROSECUTOR, v. ERWIN B. HOCK, DEPUTY COMMISSIONER OF ALCOHOLIC BEVERAGE CONTROL OF THE STATE OF NEW JERSEY, RESPONDENT.

Argued January 22, 1947—Decided February 21, 1947.

Before CASE, CHIEF JUSTICE, and Justices HEHER and COLIE.

For the prosecutor, *Irving I. Jacobs.*

For the respondent, *Walter D. Van Riper* and *Samuel B. Helfand.*

The opinion of the court was delivered by

CASE, CHIEF JUSTICE. The writ of *certiorari* brings up a determination by the Commissioner of Alcoholic Beverage Control that prosecutor was ineligible, under the provisions of title 33, chapter 1, Revised Statutes of 1937 (the Alcoholic Beverage Control Act), to hold a liquor license or to be employed by any liquor licensee. *Cf. Kravis* v. *Driscoll,* 134 *N. J. L.* 453.

The action by the Commissioner was more than the expression of an opinion. It was, we find, a ruling with the effect imputed to it above, following and in accord with an opinion or decision filed in the department. Prosecutor does not question the jurisdiction of the Commissioner to act in the premises. He contends that the ruling is not properly supported by proofs and that a plea of *nolo contendere* is not a conviction within the meaning of the statute.

We think that the proceedings in *certiorari* are proper under the circumstances.

The substantial reason for the ruling appears clearly and authentically in the record, by admissions and otherwise. It is that the prosecutor had entered a plea of *"nolo contendere"* to an indictment in the Atlantic County Oyer and Terminer for aiding and abetting in lewd entertainment at the resort known as the Paddock Club in Atlantic City which prosecutor then operated under a plenary retail consumption license, a plea which the Commissioner interpreted as a conviction of a crime involving moral turpitude. By *R. S.* 33:1–25 and 26 it is provided that no liquor license shall be issued to any person who has been convicted of a

crime involving moral turpitude and that no person who would fail to qualify as a licensee shall be knowingly employed by or connected in any business capacity whatsoever with the licensee. Prosecutor's license was temporarily suspended and was later transferred to his mother, and the inquiry instituted by the Commissioner was upon the hypothesis that prosecutor was still connected by employment or otherwise with the management.

The acts of lewdness charged against prosecutor were detailed in the indictment. Sufficient now to say that the crime so described was, by our finding, one of moral turpitude. The question for decision is whether the prosecutor's pleading thereto constituted a "conviction" within the meaning of the statute. Prosecutor rests his argument for the negative of the proposition upon *Schireson v. State Board of Medical Examiners,* 130 *N. J. L.* 570. That decision, if squarely in point is, of course, controlling upon this court. But there are, we think, substantial distinctions between that case and this.

The Schireson decision went upon the theory (page 575) that the license of a physician to practice medicine is a "right, a property right" and worked to the conclusion that "the record of the judgment and commitment of the appellant, following his plea of *nolo contendere* to the charges of the indictment, do not amount to a conviction of the designated crime *within the contemplation of the statute,*" *supra* (viz., *R. S.* 45:9–1, *et seq.*—the statute concerning medicine and surgery) (italics inserted). We believe that it was the conception of the physician's license as a "property right" which caused the court to regard the revocation of the license as in the nature of a civil suit. But a liquor license is not a property right; it is a mere privilege. *Meehan v. Excise Commissioners,* 73 *N. J. L.* 382; *affirmed,* 75 *Id.* 557; *Zicherman v. Driscoll,* 133 *Id.* 586; *Drozdowski v. Sayreville,* 133 *Id.* 536. "A [liquor] license is in no sense property. It is a mere temporary permit to do what otherwise would be illegal, * * *." *Voight v. Board of Excise,* 59 *Id.* 358. Further, the opinion in the Schireson case rested in

part upon the finding that the controlling "statute, penal in character, must be construed strictly." Quite the contrary principle controls here because the statute (R. S. 33:1–73) enjoins upon us that it "is intended to be remedial of abuses inherent in liquor traffic and shall be liberally construed;" and the act in question was actually one of the abuses which seems to be inherent in the liquor traffic, whereas the offense in the Schireson case was wholly unrelated to the practice of medicine, the license for which was in jeopardy. Finally, the Schireson decision was, in its conclusion, narrowly confined to the contemplation of the act regulating the practice of medicine and surgery.

The whole machinery of the Alcoholic Beverage Control statute is designed to control and keep within limits a traffic which, unless tightly restrained, tends toward abuse and debasement. Here we have a man who, as licensee, used his premises for shockingly immoral entertainment. He is indicted for that offense, makes a plea thereto which in the criminal courts is the equivalent of a plea of guilty, and submits himself for sentence. Under stress of the circumstances he transfers his license to his mother and continues in attendance. It is reasonable to assume that the same ideas of management will continue. The Commissioner, endeavoring to comply with the statutory mandate to remedy the abuses inherent in the liquor traffic, has considered that the plea of *nolo contendere* was, within the meaning and purpose of the statute, a conviction of the offense; and we think that, unless the statute is to fail of its purpose, the view of the Commissioner in this respect must be sound.

We are led, therefore, to conclude that the decision in *Schireson* v. *The Board* does not apply and that when the prosecutor faced the Court of Oyer and Terminer and solemnly announced that he was unwilling to defend against the indictment, and submitted himself to sentence, he did, for the purpose of the Alcoholic Beverage Control statute, admit his guilt and that, in so doing, he was, within the meaning of the statute, convicted of the crime charged.

The ruling of the Commissioner is affirmed.