[L. A. No. 24347.   In Bank.   Mar. 1, 1957.]

In re ARTHUR ELLIOTT BOYD, JR., on Disbarment.

Arthur Elliott Boyd, Jr., in pro. per., Max Solomon and John W. Preston for Petitioner.

Garrett H. Elmore and John G. Thorpe for Respondent.

THE COURT.—This is a proceeding predicated on an order of this court directing petitioner, an attorney at law, to show cause why he should not be disciplined pursuant to the provisions of section 6101 of the Business and Professions Code, and his return thereto.

Petitioner pleaded guilty to violating subdivision 5 of section 647 of the Penal Code (vagrancy).   It is there provided, among other things, that every lewd or dissolute person is a vagrant and punishable as for a misdemeanor. The record discloses that on June 28, 1953, petitioner committed an act prohibited by this section of the Penal Code.   Section 6101 of the Business and Professions Code provides that conviction of a felony or misdemeanor, involving moral turpitude, constitutes a cause for discipline of an attorney at law. This is the sole question for us to determine: *Did*

*the acts constituting the offense to which petitioner pleaded
guilty involve moral turpitude?*

*Yes.* Moral turpitude has been defined as: "An act of
baseness, vileness or depravity in the private and social duties
which a man owes to his fellow men or to society in general,
contrary to the accepted and customary rule of right and
duty between man and man." (Bouvier, Law Dictionary
[Rawle's 3d rev. 8th ed. 1914], p. 2247; see also Ballentine,
Law Dictionary [1948], p. 832; Black, Law Dictionary [4th
ed. 1951], p. 1160; *Marsh* v. *State Bar of California,* 210 Cal.
303, 307 [2] [291 P. 583].)

No citation of authority or argument is needed to support
the conclusion that the conduct of petitioner fell within the
purview of the above definition. His offense was one of
depravity, contrary to the accepted and customary rule of
right and duty between man and man, and was therefore an
offense involving moral turpitude. The act was committed
in a public place. Without further recitation of the facts, it
is enough to say that such conduct is unworthy of a member
of the legal profession.

This court in *In re Phillips,* 17 Cal.2d 55 [109 P.2d 344,
132 A.L.R. 644], sustained the disbarment of an attorney pur-
suant to section 6102 of the Business and Professions Code
where the record disclosed that he had been convicted of
"indecent exposure," thus holding that indecent exposure in-
volved moral turpitude.

*Brun* v. *Lazzell,* 172 Md. 314 [191 A. 240, 243, 109 A.L.R.
1453], and *Kravis* v. *Hock,* 135 N.J.L. 259 [51 A.2d 441, 442],
also hold that indecent exposure and lewd acts in public
involve moral turpitude.

It is ordered that petitioner be suspended from the practice
of law in this state for a period of three years commencing
30 days after the date of filing of this order.

Petitioner's application for a rehearing was denied March
27, 1957, and the time for commencement of his suspension
from the practice of law was extended to begin June 1, 1957.