[No. H000706. Sixth Dist. Aug. 7, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
EDWARD CARLOS JAIMEZ, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of Parts II-VI.

COUNSEL

John P. Hannon II, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Ronald E. Niver and David D. Salmon, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

AGLIANO, P. J.—

I

Defendant Edward Jaimez appeals from a judgment of conviction entered after a jury found him guilty of assault by means of force likely to cause

great bodily injury (Pen. Code, § 245, subd. (a)(1))[1] and battery with serious bodily injury (§§ 242-243, subd. (d)). The jury also found true allegations that defendant inflicted great bodily injury (§ 12022.7) and the victim was 60 years of age or older (§ 1203.09, subd. (f)). Defendant was sentenced to a term of seven years in state prison.

On appeal defendant raises issues involving the admissibility of certain evidence, jury instructions and sentencing. For the reasons stated below, we affirm the judgment.

The facts may be summarized as follows: As 69-year-old Lam Hoa was crossing the street near his home, he was grabbed from behind and carried over to a wooded area by defendant. Mr. Hoa was placed on the ground whereupon defendant took his cane, pipe and sunglasses. Defendant then began to search him for valuables. Finding no wallet, he attempted to remove Mr. Hoa's wedding ring. When Mr. Hoa resisted, defendant hit him several times on his right shoulder. Mr. Hoa's arm was broken in three places. Several witnesses heard Mr. Hoa shouting and observed him on the ground with defendant on top of him. Eventually defendant walked away from the scene. Two witnesses followed him to his home where he was later arrested.

In sentencing defendant the court imposed the upper term of four years for the violation of section 245, subdivision (a)(1), and a three-year enhancement for the violation of section 12022.7. The upper term of four years for the violation of sections 242-243, subdivision (d), was also imposed, but stayed pursuant to section 654.

Defendant contends the trial court erred in ruling admissible for impeachment, defendant's prior felony convictions for pimping (§ 266h)[2] in 1974, pandering (§ 266i)[3] in 1974, and burglary (§ 459) in 1973, were

---

[1]All other references are to the Penal Code unless otherwise noted.

[2]Section 266h provides in relevant part that "Any person who, knowing another person is a prostitute, lives or derives support or maintenance in whole or in part from the earnings or proceeds of the person's prostitution, or from money loaned or advanced to or charged against that person by any keeper or manager or inmate of a house or other place where prostitution is practiced or allowed, or who solicits or receives compensation for soliciting for the person, is guilty of pimping, . . ."

[3]Pandering is defined in section 266i as follows: "Any person who: (a) procures another person for the purpose of prostitution; or (b) by promises, threats, violence, or by any device or scheme, causes, induces, persuades or encourages another person to become a prostitute; or (c) procures for another person a place as inmate in a house of prostitution or as an inmate of any place in which prostitution is encouraged or allowed within this state; or (d) by promises, threats, violence or by any device or scheme, causes, induces, persuades or encourages an inmate of a house of prostitution, or any other place in which prostitution is encouraged or allowed, to remain therein as an inmate; or (e) by fraud or artifice, or by

defendant to testify. Relying upon *People* v. *Castro* (1985) 38 Cal.3d 301 [211 Cal.Rptr. 719, 696 P.2d 111], defendant argues these offenses do not evidence moral turpitude and, even if they do, the prejudicial effect of such evidence requires its exclusion.

■ The *Castro* court, interpreting section 28, subdivision (f), article I of the California Constitution, set forth a two-prong analysis to determine the admissibility of prior convictions.[4] The trial court must first determine whether the prior conviction involves moral turpitude. If moral turpitude is not involved, the prior conviction may not be admitted. If the prior conviction involves moral turpitude, the court must yet exercise its discretion whether to exclude the conviction under Evidence Code section 352. (*Castro, supra,* at p. 316.)

*Castro* pointed out offenses of moral turpitude encompassed those inherently involving dishonesty such as theft and also nontheft crimes such as child abuse, or those committed by force and violence or brutality or threat thereof. (*Id.,* at p. 315.) In reaching this conclusion the court observed that "it is easier to infer that a witness is lying if the felony of which he has been convicted involves dishonesty as a necessary element than when it merely indicates a 'bad character' and 'general readiness to do evil.' Nevertheless, it is undeniable that a witness' moral depravity of any kind has some 'tendency in reason' (Evid. Code, § 210) to shake one's confidence in his honesty." (*Id.,* at p. 315.)

Applying these principles to the facts in *Castro,* the court held simple possession of heroin does not necessarily involve moral turpitude, but possession of heroin for sale does. The court observed the trait involved in possession for sale was not dishonesty, but "the intent to corrupt others." (*Id.,* at p. 317.)

■ In *In re Fahey* (1973) 8 Cal.3d 842 [106 Cal.Rptr. 313, 505 P.2d 1369, 63 A.L.R.3d 465], a proceeding involving attorney discipline, our Supreme Court approved a definition of moral turpitude as "'an act of

duress of person or goods, or by abuse of any position of confidence or authority, procures another person for the purpose of prostitution, or to enter any place in which prostitution is encouraged or allowed within this state, or to come into this state or leave this state for the purpose of prostitution; or (f) receives or gives, or agrees to receive or give, any money or thing of value for procuring, or attempting to procure, another person for the purpose of prostitution, or to come into this state or leave this state for the purpose of prostitution, . . ."

[4]Section 28, subdivision (f), article I of the California Constitution states in relevant part that "[a]ny prior felony conviction of any person in any criminal proceeding, whether adult or juvenile, shall subsequently be used without limitation for purposes of impeachment or enhancement of sentence in any criminal proceeding."

baseness, vileness or depravity in the private and social duties which a man owes to his fellowmen, or to society in general, contrary to the accepted and customary rule of right and duty between man and man.'" (*Id.,* at p. 849.) The court cited as examples of crimes involving moral turpitude those which are "extremely repugnant to accepted moral standards such as . . . serious sexual offenses (*In re Boyd* [1957] 48 Cal.2d 69 [307 P.2d 625])." (*Ibid.*) In *In re Boyd,* the petitioner had pled guilty to a violation of section 647, which provided, inter alia, every lewd or dissolute person is a vagrant. In holding that such an offense involved moral turpitude, the *Boyd* court relied upon a line of cases involving indecent exposure.

The Supreme Court in *Castro, supra,* 38 Cal.3d 301, referred to the annotation in 23 A.L.R. Fed. 480 entitled, "What Constitutes 'Crime Involving Moral Turpitude' Within Meaning of §§ 212(a)(9) and 241(a)(4) of Immigration and Nationality Act (8 USCS §§ 1182(a)(9), 1251(a)(4)), and Similar Predecessor Statutes Providing for Exclusion or Deportation of Aliens Convicted of Such Crime" and 1 Witkin, California Procedure (2d ed. 1970) Attorneys, section 195. (*Castro, supra,* at p. 316, fn. 11.) **(3)** The annotation points out that prostitution and related offenses such as pimping and pandering have generally been recognized as crimes involving moral turpitude. (23 A.L.R.Fed., *supra,* at pp. 565, 566.) Keeping a house of prostitution (§ 315) has also been held a crime involving moral turpitude. (*Selowsky* v. *Superior Court of Napa Co.* (1919) 180 Cal. 404, 410 [181 P. 652].) The purpose of the statutes prohibiting pimping and pandering is to prevent prostitution by discouraging individuals from expanding the prostitute's operations. (*People* v. *Hashimoto* (1976) 54 Cal.App.3d 862, 867 [126 Cal.Rptr. 848].)

Pimping and pandering involve the corruption of others. The perpetrator of these offenses encourages, or profits from, the commission of crimes by others. The offenses evidence a "readiness to do evil" (*People* v. *Castro, supra,* 38 Cal.3d 301, 315) and are "extremely repugnant to accepted moral standards." (*In re Fahey, supra,* 8 Cal.3d 842, 849.) Accordingly, we hold pimping and pandering are crimes of moral turpitude.

II-VI*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

*See footnote, *ante,* p. 146.

## VII

The judgment is affirmed.

Brauer, J., and Phillips, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.