[No. F013428. Fifth Dist. May 7, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
GRINNELL TORRES LEE, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

\* Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication
with the exception of the Statement of Facts and parts I, III, IV and V.

**COUNSEL**

Estelle A. Schleicher, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold O. Overoye and Robert R. Anderson, Assistant Attorneys General, W. Scott Thorpe and Alan Ashby, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BUCKLEY, J.—**

### STATEMENT OF THE CASE

Appellant Grinnell Torres Lee appeals from a conviction after jury trial of possession of a controlled substance, rock cocaine (Health & Saf. Code, § 11350, subd. (a)), and possession of controlled substance paraphernalia (Health & Saf. Code, § 11364).

The information further alleged on the first count that Lee had three prior felony convictions: a 1986 possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)); a 1986 "escape" (Pen. Code,

§ 4530, subd. (c));[1] and a 1981 possession of marijuana for sale (Health & Saf. Code, § 11359).[2]

Lee pleaded not guilty and denied the enhancement allegations. Lee's motion *in limine* to bifurcate the allegations of the prior convictions was granted.

Lee's motion to exclude the prior convictions for impeachment purposes was granted for the conviction of possession of controlled substance (Health & Saf. Code, § 11377, subd. (a)) and denied as to the felony convictions for possession of marijuana for sale and "escape" (failure to return to custody).

After trial, the enhancement allegations were dismissed by the court for failure of proof.

Lee was sentenced to the upper term of three years on count 1 and sentenced to six months as to count 2 to run concurrent with count 1.

On appeal, Lee contends that the trial court committed prejudicial error in admitting as evidence the prior convictions for impeachment purposes and in failing to stay sentence on count 2 under section 654.

We conclude that the trial court did not err in admitting the prior convictions for impeachment and the sentence on count 2 should be stayed.

STATEMENT OF FACTS*

. . . . . . . . . . . . . . . . . . . . . .

DISCUSSION

I. *Proof of a prior conviction for impeachment purposes may be accomplished by examination of the defendant so long as the prosecution is acting in good faith.* *

. . . . . . . . . . . . . . . . . . . . .

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

[2] The information was amended to change the dates of the priors from August 21 to July 24, 1986; from March 13, 1985, to February 11, 1986; and from September 2 to September 23, 1981, respectively.

* See footnote, *ante*, page 1504.

## II. *Section 4530, subdivision (c) is a crime of moral turpitude.*

Prior to the commencement of trial and outside the presence of the venire, a hearing was held on the use of the prior convictions for impeachment purposes. The parties stipulated that the prior conviction for possession of a controlled substance under Health and Safety Code section 11377 was not usable. The defense objected to the use of the prior conviction for violation of Health and Safety Code section 11359. The court made an Evidence Code section 352[3] ruling that it was usable for impeachment purposes. The court, over objection of defense counsel, also indicated that it would allow the prior conviction under section 4530, subdivision (c) to be used for impeachment.

██ Lee cites as error by the trial court its determination that a violation of section 4530, subdivision (c),[4] could be used for impeachment purposes. We disagree and conclude that section 4530, subdivision (c) is a crime of moral turpitude as defined in *People* v. *Castro* (1985) 38 Cal.3d 301 [211 Cal.Rptr. 719, 696 P.2d 111] and was, therefore, properly admitted for impeachment.

In *Castro*, the Supreme Court, interpreting section 28, subdivision (f) of article I of the California Constitution, set forth a two-prong analysis to determine the admissibility of prior convictions. The court must first determine whether the prior conviction involves moral turpitude. (*People* v. *Castro, supra*, 38 Cal.3d at p. 316.) Moral turpitude has been simply defined as a "readiness to do evil." (*Id.* at p. 314.)

Regarding the first prong, the trial court stated:

"Yes. Well, I'll take the reasoning is that it's a crime of moral turpitude because it involves a person evading and avoiding custody knowing that he has been legally committed, and trying to avoid the could be consequences of the law." The court was relying on the case of *People* v. *Waldecker* (1987)

---

[3]Evidence Code section 352 reads: "The court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury."

[4]Section 4530, subdivision (c) reads: "The willful failure of a prisoner who is employed or continuing his education, or who is authorized to secure employment or education, or who is temporarily released pursuant to Section 2690, 2910, or 6254, or Section 3306 of the Welfare and Institutions Code, to return to the place of confinement not later than the expiration of a period during which he or she is authorized to be away from the place of confinement, is an escape from the place of confinement punishable as provided in this section. A conviction of a violation of this subdivision, not involving force or violence, shall not be charged as a prior felony conviction in any subsequent prosecution for a public offense."

195 Cal.App.3d 1152 [241 Cal.Rptr. 650] as being analogous and, therefore, applicable to the issue presented. Likewise, the People urge us to follow *Waldecker* in finding that section 4530, subdivision (c) involves moral turpitude.

In *Waldecker* the First District held that a violation of section 4532, subdivision (b) (escape without force) is a crime of moral turpitude. The majority reasoned that escape from a prison, whether with or without violence, involves a potential for violence and the use of force, deceit or stealth to accomplish the objective. The court compared that potential for violence to a burglary where a person employs stealth to enter a home and similarly creates a potential for violence. (*People v. Waldecker, supra,* 195 Cal.App.3d at pp. 1157-1158.) The court held that the implicit use of stealth or deceit in making a nonviolent escape comprises a "readiness to do evil" as defined in *Castro*. Subdivision (c) of section 4530 differs materially from an escape from prison, however, because it punishes a failure to *return* to a place of confinement. Therefore, the analysis of *Waldecker*, which relies critically on stealth and a potential for violence, does not completely resolve the issue.

Moral turpitude also includes dishonesty. In fact, "it is easier to infer that a witness is lying if the felony of which he has been convicted involves dishonesty[5] as a necessary element than when it merely indicates a 'bad character' and 'general readiness to do evil.' " (*People v. Castro, supra,* 38 Cal.3d at p. 315.)

Release of a prisoner under the circumstances set forth in section 4530, subdivision (c) is obviously predicated on the prisoner's assurance or promise that he will return at the designated time and place. The prisoner is therefore entrusted with his freedom on his assurance that he will return.

The section punishes as a crime one who willfully fails to return or, put another way, willfully breaches his promise. The word willfully when used in a criminal statute implies that the person knows what he is doing and intends to do what he is doing. (*In re Trombley* (1948) 31 Cal.2d 801, 807 [193 P.2d 734].)

In *People v. Waldecker, supra,* 195 Cal.App.3d 1152, the court stated, "[a] defendant who was willing . . . to violate a *trust* in order to effectuate

---

[5] Lee cites *People v. Bracamonte* [1981] 119 Cal.App.3d 644 [174 Cal.Rptr. 191], in support of his argument that escape without force is not relevant to a determination of credibility. As dictum, *Bracamonte* stated, "the alleged conviction . . . would have been excluded because it does not have 'as a necessary element of the offense the intent to lie, defraud, deceive, steal, etc.' " (*Id.* at p. 655.) To the degree that *Bracamonte* is cited for this premise, we disagree with its conclusion for the reasons stated in our opinion.

an escape may be equally motivated and prepared to violate a testimonial oath in order to escape conviction." (At p. 1158, italics added.)

In *People* v. *Lang* (1989) 49 Cal.3d 991 [264 Cal.Rptr. 386, 782 P.2d 627], our Supreme Court cited *Waldecker* with approval as a case involving moral turpitude. "As noted in that decision, escape without force . . . necessarily involves either deceit, breach of trust . . . and a willingness to incur the serious risk of violent injury to law enforcement officers and bystanders typically involved in the process of recapturing an escaped prisoner." (*Id.* at p. 1010.) One who fails to return to a place of confinement and is at large is no different than one who has escaped and is at large. Both are subject to recapture, therefore entailing the same attendant risks.

Finally, support for the premise that one who absconds displays a character trait of dishonesty can be found historically as well. One who absconds is defined as one who runs away and hides or goes away secretly. (Webster's New World Dict. (2d college ed. 1982) p. 5.) Webster's, at page 1218, also defines "scoundrel" as one who absconds, a mean, immoral or wicked person.

III.-V.*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

## DISPOSITION

The sentence on count 2 is ordered stayed under section 654 and the superior court is ordered to prepare an amended abstract of judgment.

The judgment is affirmed.

Stone (W. A.), Acting P. J., and Ardaiz, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 24, 1991.

---

*See footnote, *ante*, page 1504.