104 Cal.Rptr.2d 409 (2001)
25 Cal.4th 11
17 P.3d 764
In re Stuart K. LESANSKY, On Discipline.
No. S079499.
Supreme Court of California.
March 1, 2001.
As Modified March 28, 2001.
Pansky & Markle, R. Gerald Markle and Ellen A. Pansky, South Pasadena, for Petitioner Stuart K. Lesansky.
*410 Marie M. Moffat and Richard J. Zanassi, San Francisco, for Respondent The State Bar of California.
KENNARD, J.
Since January 1, 1997, the Legislature has provided for summary disbarment of an attorney convicted of a felony involving moral turpitude. (Bus. & Prof.Code, § 6102, subd. (c); Stats.1996, ch. 1104, § 6.) In this attorney discipline matter, we consider whether an attorney may be summarily disbarred as a result of his felony conviction for attempting to commit a form of child molestation when the crime did not involve a client and did not occur in the practice of law. Because the practice of law requires good moral character, and because petitioner's felony conviction involves moral turpitude, and thus demonstrates his unfitness for the legal profession, we conclude that summary disbarment is authorized and warranted.

I
In 1985, California admitted petitioner Stuart K. Lesansky to the practice of law. In January 1998, petitioner entered a plea of nolo contendere in Los Angeles Superior Court to one count of an attempted lewd act on "a child of 14 or 15 years" when petitioner was "at least 10 years older than the child." (Pen.Code, §§ 664, 288, subd. (c)(1).) In March 1998, the record of conviction was sent to the State Bar Court, which placed petitioner on interim suspension. (Bus. & Prof.Code, § 6102, subd. (a).)
After soliciting and receiving briefs from the parties, but without holding an evidentiary hearing, the Review Department of the State Bar Court (Review Department) determined that crimes involving lewd acts on children necessarily involve moral turpitude and that petitioner was therefore subject to summary disbarment.[1] In May 1999, the Review Department recommended to this court that petitioner be disbarred.
Petitioning this court for review of the State Bar Court's decision recommending disbarment (Cal. Rules of Court, rule 952), petitioner contended that the summary disbarment statute applies only if the underlying offense demonstrates unfitness to practice law, that the criminal conduct for which he was convicted (an attempted lewd act on a 14 year old child at least 10 years younger than himself) was a wholly private act unrelated to the practice of law, and that he is therefore not subject to summary disbarment. He also contended the offense of which he was convicted does not necessarily involve moral turpitude and therefore does not trigger the summary disbarment provision.[2] To resolve important issues of law, we granted the petition for review. We now reject petitioner's contentions.

II
Before January 1, 1997, our Legislature required summary disbarment of an attorney convicted of a felony if an element of the offense was "the specific intent to deceive, defraud, steal, or make or suborn a false statement." An additional requirement was that the offense have been "committed *411 in the course of the practice of law or in any manner such that a client of the attorney was a victim." (Bus. & Prof. Code, former § 6102, subd. (c), as added by Stats.1985, ch. 453, § 15, p. 1754.) Effective January 1, 1997, however, the Legislature amended the statute by deleting the latter requirement and permitting summary disbarment if either "specific intent to deceive, defraud, steal, or make or suborn a false statement" was an element of the offense "or [the felony] involved moral turpitude." (Bus. & Prof.Code, § 6102, subd.(c), italics added, as amended by Stats.1996, ch. 1104, § 6.) The latter phrase is at issue here.
Petitioner argues that in the context of attorney discipline in general, and the summary disbarment provisions in particular, the term "moral turpitude" must be construed as requiring a nexus or logical relationship between the criminal conduct and an attorney's fitness to practice law, and that purely private sexual misconduct has no bearing on an attorney's fitness to practice.
"Because the right to practice a profession is sufficiently important to warrant legal and constitutional protection, the term [`moral turpitude'] must be given a meaning and content relevant to the attorney's fitness to practice." (Baker v. State Bar (1989) 49 Cal.3d 804, 815, fn. 3, 263 Cal.Rptr. 798, 781 P.2d 1344.) Thus, we agree with petitioner that discipline may be imposed only for criminal conduct having a logical relationship to an attorney's fitness to practice, and that the term "moral turpitude" must be defined accordingly. Indeed, we have recognized that when a statute authorizes professional discipline for conduct demonstrating moral turpitude, "the meaning of ... `moral turpitude' must depend upon, and thus relate to, the occupation involved...." (Morrison v. State Board of Education (1969) 1 Cal.3d 214, 227, 82 Cal.Rptr. 175, 461 P.2d 375.)
We do not agree, however, that a lawyer's private acts may never demonstrate unfitness for the legal profession. Fitness to practice law requires more than acquiring the knowledge and mastering the technical skills needed to advise or represent clients. "Professional competence is only one element in determining whether an individual is `fit' to practice law. Professional competence demonstrated by education and examination and good moral character are required for admission to practice. [Citation.] Commission of acts manifesting moral turpitude may establish unfitness even if the attorney's professional competence is not disputed." (In re Johnson (1992) 1 Cal.4th 689, 699, 4 Cal. Rptr.2d 170, 822 P.2d 1317, original italics; see also id. at p. 705, 4 Cal.Rptr.2d 170, 822 P.2d 1317 (cone. & dis. opn. of Kennard, J.) ["An attorney prohibited from practicing law as a result of moral turpitude, no matter how technically competent, lacks the essential moral qualification that California requires of its lawyers."].)
We recently summarized the moral character requirement this way: "Good moral character includes traits of `honesty, fairness, candor, trustworthiness, observance of fiduciary responsibility, respect for and obedience to the laws of the state and the nation and respect for the rights of others and for the judicial process.' [Citation.] Persons of good character also do not commit acts or crimes involving moral turpitudea concept that embraces a wide range of deceitful and depraved behavior. [Citations.]" (In re Gossage (2000) 23 Cal.4th 1080, 1095, 99 Cal.Rptr.2d 130, 5 P.3d 186.) Although we made this statement in the context of a candidate seeking to be admitted as an attorney, it applies with equal force in the context of attorney discipline. We explained that "both admission and disciplinary proceedings concern [unfitness to practice law as evidenced by acts of moral turpitude." (Ibid.)
Even though we have recognized that in attorney discipline proceedings the term "moral turpitude" must be defined in a way that is relevant to an attorney's fitness to practice (Baker v. State Bar, supra, *412 49 Cal.3d at p. 815, fn. 3, 263 Cal. Rptr. 798, 781 P.2d 1344), we have also recognized that unfitness to practice may be shown by criminal conduct not committed in the practice of law or against a client. (In re Gossage, supra, 23 Cal.4th at p. 1098, 99 Cal.Rptr.2d 130, 5 P.3d 186 [stating that an attorney may be disbarred for acts of moral turpitude "in either a personal or professional capacity"]; Stratmore v. State Bar (1975) 14 Cal.3d 887, 890, 123 Cal.Rptr. 101, 538 P.2d 229 [stating that an attorney may be disciplined "for conduct `either in or out of [his] profession' which shows him to be unfit to practice"].) The Legislature evidently agrees. In a section not dealing with summary disbarment, and thus not directly applicable here, it has provided: "The commission of any act involving moral turpitude, dishonesty or corruption, whether the act is committed in the course of his relations as an attorney or otherwise, and whether the act is a felony or misdemeanor or not, constitutes a cause for disbarment or suspension." (Bus. & Prof.Code, § 6106, italics added.)
Petitioner mistakenly relies on In re Rohan (1978) 21 Cal.3d 195, 145 Cal.Rptr. 855, 578 P.2d 102, as establishing a different rule. Our decision there consisted of a lead opinion and two concurring opinions, each signed by two justices. Significantly, all of the justices agreed that the offense there in questionwillful failure to file a federal income tax return did not involve moral turpitude. (Id. at p. 201, 145 Cal. Rptr. 855, 578 P.2d 102 (lead opn. of Clark, J.); id. at p. 205, 145 Cal.Rptr. 855, 578 P.2d 102 (cone. opn. of Tobriner, J.); id. at p. 206, 145 Cal.Rptr. 855, 578 P.2d 102 (cone. opn. of Sullivan, J.).) Rohan concerned the scope of this court's inherent power to discipline attorneys for "other misconduct warranting discipline," (id. at p. 198, 145 Cal.Rptr. 855, 578 P.2d 102) not for criminal acts manifesting moral turpitude.
In reaffirming that attorneys may be disbarred for criminal acts committed in a nonprofessional setting, we do not hold that such discipline may be imposed for any act evidencing a moral lapse or infirmity, however slight. Attorney discipline is imposed when necessary "to protect the public, to promote confidence in the legal system, and to maintain high professional standards" (In re Brown (1995) 12 Cal.4th 205, 217, 48 Cal.Rptr.2d 29, 906 P.2d 1184; In re Fahey (1973) 8 Cal.3d 842, 849, 106 Cal.Rptr. 313, 505 P.2d 1369), and the term "moral turpitude" is defined by reference to this purpose. As we have in the past, we acknowledge here that the term "cannot be defined with precision." (Baker v. State Bar, supra, 49 Cal.3d 804, 815, fn. 3, 263 Cal.Rptr. 798, 781 P.2d 1344.) Nevertheless, we can provide this guidance: Criminal conduct not committed in the practice of law or against a client reveals moral turpitude if it shows a deficiency in any character trait necessary for the practice of law (such as trustworthiness, honesty, fairness, candor, and fidelity to fiduciary duties) or if it involves such a serious breach of a duty owed to another or to society, or such a flagrant disrespect for the law or for societal norms, that knowledge of the attorney's conduct would be likely to undermine public confidence in and respect for the legal profession. (See In re Johnson, supra, 1 Cal.4th at p. 698, 4 Cal.Rptr.2d 170, 822 P.2d 1317; In re Calaway (1977) 20 Cal.3d 165, 169-170, 141 Cal.Rptr. 805, 570 P.2d 1223; In re Higbie (1972) 6 Cal.3d 562, 569-570, 99 Cal.Rptr. 865, 493 P.2d 97.)

III
Petitioner contends that his conviction for attempting to commit a lewd act on "a child of the age of 14 or 15 years" and at least 10 years younger than himself (Pen.Code, § 288, subd. (c)(1)) does not make him subject to summary disbarment because the offense does not necessarily involve moral turpitude. We disagree.
An offense necessarily involves moral turpitude if the conviction would in *413 every case evidence bad moral character. (In re Hallinan (1954) 43 Cal.2d 243, 249, 272 P.2d 768.) This is a question of law to be determined by this court. (In re Higbie, supra, 6 Cal.3d at p. 569, 99 Cal.Rptr. 865, 493 P.2d 97.)
In the attorney discipline context, the term "moral turpitude" includes "particular crimes that are extremely repugnant to accepted moral standards such as ... serious sexual offenses (In re Boyd [(1957)] 48 Cal.2d 69 [307 P.2d 625])." (In re Fahey, supra, 8 Cal.3d at p. 849, 106 Cal.Rptr. 313, 505 P.2d 1369.) The offense petitioner attempted to commit is a serious sexual offense, punishable by up to three years in state prison. (Pen.Code, § 288, subd. (c).) It requires "the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of [the perpetrator] or the child" (id., § 288, subd. (a)). As this court has stated, one who admits "that he intended to arouse, appeal to, or gratify sexual desire with a child ... necessarily admits that he intended to harm the child." (J.C. Penney Casualty his. Co. v. M.K. (1991) 52 Cal.3d 1009, 1025, 278 Cal.Rptr. 64, 804 P.2d 689.) This applies with particular force when the unlawful sexual behavior is committed against a child who is substantially younger than the perpetrator. We conclude that such conduct is "extremely repugnant to accepted moral standards" and necessarily involves moral turpitude for purposes of attorney discipline. (In re Fahey, supra, 8 Cal.3d at p. 849, 106 Cal.Rptr. 313, 505 P.2d 1369; see In re Safran (1976) 18 Cal.3d 134, 135, 133 Cal.Rptr. 9, 554 P.2d 329; People v. Massey (1987) 192 Cal.App.3d 819, 823, 237 Cal.Rptr. 734 ["It is well established that child molesting in California law is a crime of moral turpitude for impeachment and other purposes"].)
Here, petitioner's conviction was for an attempt rather than for a completed offense, and it does not appear that any child was actually harmed, but neither of these circumstances alters our conclusion that his criminal conduct necessarily involves moral turpitude. "An attempt to commit a crime consists of two elements: a specific intent to commit the crime, and a direct but ineffectual act done toward its commission." (Pen.Code, § 21a.) The act "must go beyond mere preparation, and it must show that the perpetrator is putting his or her plan into action." (People v. Kipp (1998) 18 Cal.4th 349, 376, 75 Cal.Rptr.2d 716, 956 P.2d 1169.) Thus, by his commission of an attempt, petitioner fully demonstrated a readiness to engage in a serious sexual offense likely to result in harm to a child. This is sufficient to warrant discipline. (Cf. In re Conflenti (1981) 29 Cal.3d 120, 124, 172 Cal.Rptr. 203, 624 P.2d 253 [attorney disbarred following conviction for attempt to receive stolen property].)
Petitioner's attempt to commit a lewd or lascivious act on a child who was 14 or 15 years old and at least 10 years younger than himself was such a serious breach of the duties of respect and care that all adults owe to all children, and it showed such a flagrant disrespect for the law and for societal norms, that continuation of petitioner's State Bar membership would be likely to undermine public confidence in and respect for the legal profession. Therefore, we agree with the State Bar Court that petitioner was convicted of a felony involving moral turpitude, and we accept the State Bar Court's recommendation that he be summarily disbarred under Business and Professions Code section 6102, subdivision (c).

IV
The law provides for summary disbarment of an attorney convicted of a felony offense involving moral turpitude. (Bus. & Prof.Code, § 6102, subd. (c).) The "moral turpitude" standard exists "to ensure that the public, the courts, and the profession are protected against unsuitable legal practitioners" (In re Higbie, supra, 6 Cal.3d at p. 570, 99 Cal.Rptr. 865, 493 P.2d 97), and it is interpreted accordingly. Here, petitioner was convicted of a crime involving moral turpitude, for purposes of *414 attorney discipline, because, as we have explained, the crime shows petitioner's "unsuitability to be entrusted with the privileges and duties of the legal profession." (Id. at p. 573, 99 Cal.Rptr. 865, 493 P.2d 97.)
It is hereby ordered that Stuart K. Lesansky be disbarred from the practice of law and that his name be stricken from the roll of attorneys. Costs are awarded to the State Bar.
GEORGE, C.J., MOSK, J., BAXTER, J., WERDEGAR, J., CHIN, J., and BROWN, J., concur,
NOTES
[1] In the State Bar Court, nonconviction matters commence in the Hearing Department and reach the Review Department only if, after completion of the proceedings, review is sought. Conviction matters, however, originate in the Review Department, which may order hearings in the Hearing Department on specific issues when necessary. (Rules Proc. of State Bar, rule 600 et seq.)
[2] In addition, petitioner contended that this court's past decisions require an evidentiary hearing concerning the facts of the crime and any mitigating circumstances before this court may disbar an attorney, and that the summary disbarment statute, in dispensing with any such hearing, violates the principle of separation of powers. These contentions are resolved adversely to petitioner in the companion case of In re Paguirigan (2001) 25 Cal.4th 1, 104 Cal.Rptr.2d 402, 17 P.3d 758.