[No. A108030. First Dist., Div. Five. Sept. 30, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
GILBERT EUGENE MAESTAS, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

*Parts I.B. and II. of this opinion are not certified for publication, as they do not meet the standards for publication contained in rule 976(b) of the California Rules of Court.

COUNSEL

John Steinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Martin S. Kaye and Melissa R. Krum, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**JONES, P. J.**—Gilbert Eugene Maestas appeals his conviction by jury verdict of assault with a deadly weapon. (Pen. Code, § 245, subd. (a)(1).)[1] In a bifurcated proceeding the court found true the allegation that he had served two prior prison terms. (§ 667.5, subd. (b).) Appellant contends the admission of his prior convictions for impeachment violated his right to due process.

## BACKGROUND

### The People's Case

Appellant and the victim were casual acquaintances. In January 2004, the victim lent appellant $20 to buy cigarettes and beer. He unsuccessfully sought repayment several times in January.

On February 1, 2004, the victim encountered appellant outside the victim's apartment. He asked again for repayment; appellant replied he was not working and did not have the money. The victim then shoved appellant to the ground. Appellant got up and "went at" the victim's stomach and arm. The victim shoved him to the ground again. Appellant got up and ran away.

After appellant departed, the victim felt pain in his arm and stomach. He saw blood gushing from his arm and lifted his shirt to see a puncture wound to his stomach. The stomach wound was cleaned at the hospital, and the arm wound required seven stitches.

### Defense

In his defense, appellant denied ever borrowing money from the victim. He testified that two weeks before the incident, the victim had given him $20 to buy methamphetamine. Instead of providing drugs, appellant gave the victim baking soda.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

On February 1, 2004, appellant had some cash from helping move furniture and went to the victim's apartment. When the victim opened the apartment door he appeared to have a knife in his hand, which he put in his coat as he stepped outside. He asked for his money, and appellant, intending to tease the victim, shook his head "no." The victim pushed and grabbed appellant, they struggled, and appellant fell to the ground. Thinking the victim wanted to cut him, appellant ran away, but the victim caught up to him, they wrestled, and appellant again fell down. A car pulled alongside them, and appellant broke free and ran away. Appellant did not see the knife during his physical struggles with the victim.

On cross-examination appellant admitted suffering three unspecified felony convictions and a 2003 misdemeanor conviction of lying to a police officer.

*Rebuttal*

The victim denied giving money to appellant for drugs, having a knife, or chasing appellant. He testified he could not run because of an old knee injury.

## DISCUSSION

### I. *Admission of Priors*

Appellant contends the court abused its discretion in admitting evidence of the three prior felony convictions for impeachment purposes.[2]

Following appellant's direct examination, the People, in order to impeach him, sought to introduce evidence of, inter alia, his 1985 felony conviction of grand theft from the person (§ 487, subd. (c), formerly § 487, subd. (2)),[3] his 1995 felony convictions of failure to appear (§ 1320.5) and possession of a destructive device (§ 12303.2), and his 2003 misdemeanor conviction for giving false information to a peace officer (§ 148.9).

Appellant objected that the convictions for failure to appear and lying to an officer did not constitute crimes of moral turpitude, and the convictions for grand theft and possession of a destructive device were too remote in time

---

[2] As noted, *ante*, the jury was not told the nature of the three prior felonies.

[3] This conviction was apparently the result of a juvenile adjudication. Appellant's birthday is September 30, 1967, making his 18th birthday September 30, 1985. The prosecutor and defense counsel refer to his committing the grand theft in 1985, and they stated that he committed it while a juvenile. The offense is not included in the presentence report, which enumerates only offenses from his adult record.

and thus inadmissible under Evidence Code section 352.[4] The court overruled his objections and admitted the convictions to impeach appellant.

Appellant reiterates his argument that failure to appear is not a crime of moral turpitude, and that the 1985 grand theft conviction and 1995 possession of a destructive device conviction, although offenses of moral turpitude, were too remote.[5]

### A. *Moral Turpitude*

■ Any felony conviction necessarily involving moral turpitude may be used to impeach a witness at a criminal proceeding. (Cal. Const., art. I, § 28, subd. (f); *People v. Castro* (1985) 38 Cal.3d 301, 306 [211 Cal.Rptr. 719, 696 P.2d 111].) The admissibility of such a conviction rests with the trial court's discretion. (*Castro,* at p. 306.) If a felony conviction does not necessarily involve moral turpitude, it is inadmissible for impeachment as a matter of law. (*Id.* at p. 317.) Whether an offense constitutes a crime of moral turpitude is a question of law. (*In re Lesansky* (2001) 25 Cal.4th 11, 16 [104 Cal.Rptr.2d 409, 17 P.3d 764].)

Moral turpitude is conduct that indicates dishonesty, bad character, a general readiness to do evil, or moral depravity of any kind. (*People v. Castro, supra,* 38 Cal.3d at pp. 314–315; *People v. Barnett* (1998) 17 Cal.4th 1044, 1126–1127 [74 Cal.Rptr.2d 121, 954 P.2d 384].) To determine whether a felony involves moral turpitude, a court looks at the "least adjudicated elements" of the crime, that is, the elements of the crime in the abstract, not the underlying facts of the particular offense. (*Castro,* at p. 317; *People v. White* (1992) 4 Cal.App.4th 1299, 1303 [6 Cal.Rptr.2d 259].)

■ Conviction of section 1320.5, willful failure to appear, requires proof that the defendant (a) was charged with or convicted of the commission of a felony; (b) was released from custody on bail, and (c) willfully failed to appear as required in order to evade the process of the court. The elements of this felony manifest a crime that is at heart a crime of deceit: the defendant has been granted liberty from custody on the promise he will be present in the future proceedings against him, and then purposefully breaches that

---

[4] Appellant now concedes the court did not abuse its discretion in admitting his 2003 conviction of giving false information to an officer because it was recent (the instant trial was in August 2004) and involved moral turpitude.

[5] Appellant also contends the court abused its discretion in admitting for impeachment purposes his 1996 misdemeanor conviction of corporal injury on a spouse. Although the court referred to this offense at the outset of the discussion on admissibility of priors, the only misdemeanor it admitted was the 2003 lying-to-an-officer conviction. According to the prosecutor, appellant was acquitted of the spousal abuse offense. However, the *victim* was impeached with evidence of his 2000 misdemeanor conviction for spousal battery.

promise " 'to postpone hearings and waste time, hoping that witnesses will disappear or forget what happened.' [Citation.]" (*People v. Walker* (2002) 29 Cal.4th 577, 587 [128 Cal.Rptr.2d 75, 59 P.3d 150].) Because deceit is inherently dishonest conduct, failure to appear is a crime of moral turpitude.

The analysis in *People v. Lee* (1991) 229 Cal.App.3d 1504 [281 Cal.Rptr. 9] of a comparable statute supports our conclusion. At issue in *Lee* was section 4530, subdivision (c), which provides that the willful failure of a prisoner who is temporarily released for a specifically enumerated purpose to return to his place of confinement before his authorized period of release expires is an escape punishable as a felony. *Lee* concluded this kind of escape is a crime of moral turpitude because the offense "is obviously predicated on the prisoner's assurance or promise that he will return at the designated time and place. The prisoner is therefore entrusted with his freedom on his assurance that he will return. [¶] The section punishes as a crime one who willfully . . . breaches his promise. The word willfully when used in a criminal statute implies that the person knows what he is doing and intends to do what he is doing. [Citation.] [¶] . . . '[A] defendant who was willing . . . to violate a *trust* in order to effectuate an escape may be equally motivated and prepared to violate a testimonial oath in order to escape conviction.' [Citation.]" (229 Cal.App.3d at pp. 1508–1509, italics in original.)

■ Like a prisoner's willful failure to return to his place of confinement within his authorized period of release, a person's willful failure to appear after being granted bail is an intentional breach of trust undertaken to escape criminal proceedings. As a crime of moral turpitude it is properly admitted for impeachment.

Appellant relies on *People v. Cloyd* (1997) 54 Cal.App.4th 1402, 1408 [64 Cal.Rptr.2d 104], to support his argument that failure to appear is not a crime of moral turpitude. *Cloyd* concluded the trial court did not err in excluding evidence that the victim had two pending misdemeanor cases at which she had failed to appear, which the defendant had argued was relevant to her credibility. (*Id.* at p. 1406.) *Cloyd* is factually inapposite. The *Cloyd* victim had not, as section 1320.5 requires, been charged with or convicted of a felony. Nor had she been convicted of failure to appear, and, as of the date of the *Cloyd* defendant's trial, there was no evidence that the victim's failure to appear was willful. (*Id.* at pp. 1407–1408.) The fact of appellant's conviction of section 1320.5 necessarily demonstrates that when he failed to appear he was either a convicted felon, or one charged with a felony, and that he had willfully failed to appear.

Appellant's reliance on *Young v. State Bar* (1990) 50 Cal.3d 1204 [270 Cal.Rptr. 315, 791 P.2d 994], an attorney disciplinary case, is also misplaced.

The Supreme Court concluded it was "doubtful" the attorney's several failures to appear in court, and attendant contempt findings, constituted moral turpitude because there was no accusation that he acted dishonestly or committed any criminal acts. (*Id.* at p. 1218.) By contrast, as we have discussed, *ante*, appellant's failure to appear constituted a criminal act, the essence of which was dishonest conduct.

I. B.–II.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is affirmed.

Simons, J., and Gemello, J., concurred.

---

*See footnote, *ante*, page 1552.