Filed 11/18/25  P. v. Monroe CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> FELICIA MONROE, <br><br> Defendant and Appellant. | D085630 <br><br><br> (Super. Ct. No. SCD304279) |

APPEAL from a judgment of the Superior Court of San Diego County, Kimberlee A. Lagotta, Judge.  Affirmed.

Sally Patrone, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Paige B. Hazard, Deputy Attorneys General, for Plaintiff and Respondent.

Felicia Monroe appeals from a conviction of misdemeanor petty theft, contending the trial court erred by excluding evidence of the victim's acts of moral turpitude for purposes of impeachment.  Resolving this matter by

memorandum opinion (see generally *People v. Garcia* (2002) 97 Cal.App.4th 847), we affirm.

## I.

In July 2024, Monroe got into an altercation with Christina O. that resulted in Monroe pulling Christina off her bicycle. As a result, Christina's two bottles of liquor and cell phone scattered on the ground. Monroe picked up these items, placed them under the driver's seat of her car parked across the street, and locked the doors. Christina flagged down a police officer driving by. After speaking with Christina and Monroe, the officer searched the front driver's side of Monroe's car, where he found Christina's cell phone and the two liquor bottles. Monroe was arrested.

Before trial, Monroe moved to admit, for impeachment purposes, evidence that Christina had a pending misdemeanor theft case and had failed to appear for arraignment in that case. Monroe offered examples of inconsistent statements Christina made to police officers regarding her possession of an alleged stolen moped along with several photos of the moped itself and the tools used to operate it without a key. The People argued that admitting the evidence in the manner Monroe proposed would be like holding a "theft trial within a theft trial" because it required "an outside witness," "additional officers," and "photographs." The trial court acknowledged the pending misdemeanor charge and failure to appear were, if proven, acts of moral turpitude and potentially relevant for the purpose of impeaching Christina's character for honesty. The court denied the motion, however, finding the probative value of the evidence was substantially outweighed by the undue consumption of time presenting it would require and the risk of confusing the issues for the jury.

After a jury found Monroe not guilty of robbery and guilty of the lesser included offense of misdemeanor petty theft (Pen. Code, § 484), the trial court sentenced Monroe to one year summary probation and five days of custody.

## II.

Monroe argues the trial court erred in excluding evidence of Christina's pending case for misdemeanor receiving a stolen vehicle—the moped—and her failure to appear in that action because these acts of moral turpitude are relevant to impeach Christina's character for honesty or veracity and their relevance is not substantially outweighed by other considerations. We disagree.

## A.

Under Evidence Code section 780, a court or jury may consider a witness's "character for honesty or veracity" when assessing the witness's credibility. "[S]pecific instances of [the witness's] conduct" are admissible to "support or attack the credibility of a witness." (Evid. Code, § 1101(a) & (c).) Misdemeanors with "some logical bearing upon the veracity of a witness in a criminal proceeding . . . [are] admissible, subject to trial court discretion, as 'relevant' evidence." (*People v. Wheeler* (1992) 4 Cal.4th 284, 295.)

Even relevant evidence, however, may be excluded "if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury." (Evid. Code, § 352.) Impeachment evidence "other than felony convictions entails problems of proof, unfair surprise, and moral turpitude evaluation" that require a court to pay particular attention to balancing the considerations of section 352. (*Wheeler*, 4 Cal.4th at p. 296.)

We review evidentiary rulings for abuse of discretion. (*People v. Mataele* (2022) 13 Cal.5th 372, 413.) It is a defendant's burden to show "the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice." (*People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 390 [cleaned up].)

B.

We conclude the trial court did not abuse its discretion in denying Monroe's motion in limine to admit evidence of Christina's pending misdemeanor charge.

To support her claim of error, Monroe relies on *Wheeler*. There, the prosecution sought to impeach a defense witness with a misdemeanor conviction for grand theft. Defense counsel objected, the court overruled the objection, and the witness admitted the conviction. (*Wheeler*, 4 Cal.4th at p. 288-289.) On appeal, the defendant claimed that misdemeanor conduct was inherently more prejudicial than probative and therefore must always be excluded as evidence of a witness's credibility. (*Id*. at p. 295.) *Wheeler* discerned no statutory basis for a blanket exclusion of misdemeanor convictions but reiterated that "the latitude section 352 allows for exclusion of impeachment evidence . . . is broad." (*Id*. at p. 296.) *Wheeler* concluded the trial court had not abused its discretion under section 352 in admitting the witness's conviction for a misdemeanor involving moral turpitude as evidence of the witness's credibility. (*Id*. at p. 297.)

*Wheeler* is distinguishable. In *Wheeler*, the witness was *convicted* of a misdemeanor crime of moral turpitude, but here, Christina was only *charged*. And, unlike in *Wheeler*, admitting the evidence in the instant case would have required—as the parties argued below—testimony from various witnesses regarding a separate, unrelated case of theft by someone other

4

than the defendant resulting in, as the trial court concluded, "a trial within a trial."

Paying particular attention to the consumption of time and possibility of confusing the jury, the trial court heard arguments on the motion from both sides before balancing the probative value of Christina's pending charges for crimes involving moral turpitude—which it found "tangential"—against the section 352 factors justifying exclusion. We cannot conclude on this record that the trial court acted in an """arbitrary, capricious, or patently absurd"" manner in doing so. (*Bryant*, 60 Cal.4th at p. 390.)

C.

We likewise determine the trial court exercised sound judicial discretion in denying Monroe's motion in limine to admit evidence of Christina's failure to appear for arraignment in the misdemeanor case.

Any person charged with a misdemeanor and released from custody on their own recognizance is guilty of a misdemeanor if they "willfully" fail to appear in court as ordered. (Pen. Code § 1320.) "The word willfully when used in a criminal statute implies that the person knows what he [or she] is doing and intends to do what he [or she] is doing." (*People v. Lee* (1991) 229 Cal.App.3d 1504, 1508.)

Monroe contends that a similar factual issue was addressed in *People v. Maestas* (2005) 132 Cal.App.4th 1552, where a witness's felony *conviction* for failure to appear was properly admitted for the purpose of impeachment. (*Id.* at p. 1557.) The People argue the facts of *Maestas* are distinguishable from the instant case. We agree with the People.

Indeed, *Maestas* contrasted its facts with those of *People v. Cloyd* (1997) 54 Cal.App.4th 1402, where a failure to appear was excluded for the purpose of impeachment because (1) the witness had been neither charged with nor

5

convicted of the crime and (2) there was no evidence the witness had *willfully* failed to appear. (*Maestas*, 132 Cal.App.4th at p. 1557.)

Here, the facts are more closely aligned with those in *Cloyd*. Christina was not charged with failure to appear, and the defense offered no evidence that the act was willful. Rather, the prosecution noted that Christina was "unhoused" with "no transportation, no cellphone, nothing." Moreover, Christina had addressed the issue on her pending case and was on calendar for her arraignment. The court decided here, too, that the probative value of this evidence was substantially outweighed by section 352 considerations. For the same reasons as the misdemeanor charge, we conclude this was not an abuse of discretion.

\* \* \*

In sum, the trial court did not abuse its discretion in denying Monroe's motion to admit evidence of Christina's pending misdemeanor charge and her failure to appear. We therefore need not address Monroe's prejudice argument.

III.

We affirm.

CASTILLO, J.

WE CONCUR:

DO, Acting P. J.

KELETY, J.

6